J-S34021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JONATHAN TOLES | : | |
| | : | |
| Appellant | : | No. 330 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 31, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000717-2020

BEFORE:   DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED: November 27, 2024**

Michael Jonathan Toles ("Toles") appeals from the judgment of sentence imposed following the entry of his negotiated guilty plea to third-degree murder.[1]  Additionally, Toles' court-appointed counsel, Jessica A. Fiscus, Esquire ("Attorney Fiscus"), has filed a petition to withdraw from representation and a brief styled pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We grant Attorney Fiscus' petition and affirm the judgment of sentence.

In January 2020, Toles and his three accomplices conspired to rob Devin Way in a drug transaction.  During the robbery, one of the accomplices shot Way, resulting in his death.  Police arrested Toles and charged him with second-degree murder and related offenses.  While in custody, Toles

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 2502(c).

cooperated with the Commonwealth, testified against two of his accomplices, and acknowledged his role in the events leading up to the murder.[2]

On June 1, 2023, Toles entered a negotiated guilty plea to third-degree murder and the Commonwealth agreed to *nolle prosequi* the remaining charges against him. As part of the plea agreement, the parties agreed to a sentencing recommendation of twelve and one-half to forty years' incarceration. The parties additionally agreed to recommend that Toles serve his sentence outside of Pennsylvania for his protection, as he received multiple threats and sustained injuries due to his cooperation with the Commonwealth. Toles signed and executed a written plea colloquy wherein he acknowledged that he entered the plea voluntarily, knowingly, and intelligently. On the record, Toles confirmed his execution and understanding of the terms of the written plea colloquy and the consequences of his plea. As a result, the trial court accepted Toles' guilty plea, but deferred sentencing for the preparation of a presentence investigation report.

On July 31, 2023, the trial court sentenced Toles to the recommended sentence of twelve and one-half to forty years' incarceration outside of Pennsylvania. Toles filed a counseled motion to reconsider his sentence, requesting that the court reduce his sentence based on numerous mitigating factors, including his age, familial circumstances and support, and his

---

[2] The remaining accomplice, Melissa Ann Seaman, also testified for the Commonwealth against the two other accomplices and similarly entered a negotiated guilty plea for her role in the robbery and murder.

cooperation with law enforcement. The trial court held a hearing on the motion, and on February 16, 2024, ultimately denied relief.[3] Toles filed a counseled timely notice of appeal,[4] and the trial court ordered him to file a concise statement pursuant to Pa.R.A.P. 1925(b). However, in lieu of filing a concise statement, Attorney Fiscus filed a petition to withdraw and an ***Anders*** brief. Toles did not respond to the petition to withdraw or the ***Anders*** brief.

Before we may address the merits of the issue raised in the ***Anders*** brief, we must first assess the petition to withdraw from representation to determine whether it meets certain procedural requirements. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An ***Anders*** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

---

[3] As Toles could no longer afford to retain his private counsel, the trial court appointed Attorney Fiscus to represent Toles in connection with his appeal.

[4] Toles had thirty days from the denial of his post-sentence motion on February 16, 2024, to timely file a notice of appeal. ***See*** Pa.R.A.P. 903(a). However, because the thirtieth day fell on a weekend, Toles had until the following Monday, March 18, 2024, to timely file a notice of appeal. ***See*** 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday). The trial court docket originally indicated that Toles' notice of appeal was filed on March 19, 2024, outside of the thirty-day appeal period. However, the clerk of courts stamped the notice of appeal as received on March 18, 2024, the final day to timely file a notice of appeal. Accordingly, this Court directed the trial court to correct this clerical error on the docket, and the trial court thereafter complied.

> Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the *Anders* brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

Here, in the *Anders* brief, Attorney Fiscus provided a procedural and factual history of the case with citations to the record, discussed the issue arguably supporting the appeal, and explained why she concluded the issue was frivolous. *See Anders* Brief at 9-14, 16-18. Attorney Fiscus also mailed a copy of the *Anders* brief to Toles and in her cover letter advised him that he could raise any additional issues before this Court *pro se* or with private counsel. *See* Petition to Withdraw, 7/10/24, Exhibit A. As Attorney Fiscus has substantially complied with the requirements of *Anders* and *Santiago*, we will conduct an independent review to determine whether the appeal is frivolous.

In the **Anders** brief, Attorney Fiscus identifies the following issue for our review: "Did the trial court commit an abuse of discretion when it imposed [Toles'] sentence due to the mitigating factors of [Toles'] age, family support, family circumstances, substantial cooperation, and the threats and injuries faced due to his cooperation?" **Anders** Brief at 8.

The sole issue Attorney Fiscus identifies in the **Anders** brief presents a challenge to the discretionary aspects of Toles' sentence. Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. **See Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014) (holding that the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case). Additionally, "[w]here the plea agreement contains a **negotiated sentence** which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa. Super. 1994) (emphasis in original).

Here, Toles does not contend that the trial court lacked jurisdiction over the instant criminal proceedings, that his plea was not entered voluntarily, knowingly, or intelligently, or that his sentence is illegal. Instead, Toles argues the trial court abused its discretion by imposing a sentence of twelve and one-half to forty years' incarceration in light of the mitigating circumstances that he presented both at sentencing and in his motion for

reconsideration. Regardless of these mitigating circumstances, however, Toles' agreement to a specific sentence when he entered his negotiated guilty plea coupled with the trial court's imposition of the agreed-upon sentence precludes him from challenging the discretionary aspects of his sentence on appeal. **See Dalberto**, 648 A.2d at 21; **see also Eisenberg**, 98 A.3d at 1275. Thus, we conclude that this issue is wholly frivolous.

Additionally, our independent review of the record discloses no non-frivolous issue that counsel may have missed. **See Dempster** 187 A.3d at 271. Therefore, we grant Attorney Fiscus' petition to withdraw and affirm Toles' judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/27/2024